CITY OF NEW ORLEANS, PRAYING FOR THE OPENING OF DRYADES STREET.

The owner of property and others interested will not be considered as having notice of the proceedings of the commissioners of estimate and assessment after the expiration of the delay fixed by the court for filing their report; and where the report was afterward filed and homologated— it will not bind them.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Livingston*, City Attorney. *Clarke & Bayne, Dunlap & Clarke, Eggleston, Leovy, J. C. Clarke*, and *Clarke & Waples*, for different opponents.

LEA, J. The commissioners of estimate and assessment appointed by the court, upon the application to open Dryades street, under the provisions of the statute of 1832, made their report on the 23d of February, 1854. The appellants having made opposition thereto, it was on motion referred back to the commissioners for correction, with instructions that an amended report should be filed within ten days from the date of the order, viz, the 22d of April, 1854. The delay fixed by the court expired on the 2d day of May. No report, however, was filed on that day, nor was any application made by the commissioners for an extension of the time. On the 25th of May, the amended report was filed, and on the 12th of June, (no opposition having been filed,) it was, on motion, homologated.

The appellants complain that this judgment was rendered *ex parte*, without any notice, either actual or constructive, having been given to them of the filing of the amended report.

The question presented then is this: Are the owners of property and others interested, to be considered as having had notice of the proceedings of the commissioners, after the expiration of the delay fixed by the court? Up to that period, the order of court, by its very terms, was a notice to them, but in the absence of any order of court extending the delay, it was a mere matter of conjecture to the proprietors at what period the amended report might be filed.

Parties, when once properly brought before the court, are bound to recognize its orders, and are deemed to have notice of all matters necessarily incident thereto, among which, in this case, would be the order of extension; but it would be unreasonable, as it was ruled in the proceedings for the opening of Exchange Alley, " to hold these parties to perpetual vigilance in watching, day by day, the minutes of the court, while the city remained inactive and the commissioners disregarded and disobeyed the orders of the court." See 4 An. 5. Nor is the case altered in principle by the fact, that the report was actually filed within twenty-three days after the delay fixed by the court had expired. If the owners of property are, without notice, to be held to watchfulness for twenty-three days, awaiting the uncertain action of the commissioners, it is impossible to fix a period at which such diligence would cease to be obligatory. Any designation of such a period, would be clearly arbitrary. The ground urged in support of the motion to dismiss the appeal for want of interest and for want of citation to the proper parties, are not supported by a reference to the record. The citations appear to have been properly served, and the appealable interest of the appellants is displayed in the record.

It is ordered, that the judgment appealed from be reversed, and that the cause be remanded for further proceedings according to law; the appellee paying the costs of the appeal.